NOT FOR PUBLICATION

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11930

Non-Argument Calendar

_____

IBHAR AL MHEID,

*Plaintiff-Appellant,*

*versus*

KATY MINCHEW,
ROBERT SCHOLLMEYER,
LISA LOTT,
ARMOR HEALTH INC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 3:23-cv-00105-TES

_____

Before JILL PRYOR, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Ibhar Al Mheid, proceeding *pro se*, filed a lawsuit in the Northern District of Georgia against a police officer, a prosecutor, a state court judge, and a jail healthcare provider, bringing claims under 42 U.S.C. § 1983 and state law. The district court transferred the case to the Middle District of Georgia. After the transfer, the district court in the Middle District of Georgia permitted Al Mheid to file an amended complaint but determined that it would be futile for him to assert any claims against the state court judge because she was entitled to absolute judicial immunity. Later, after Al Mheid failed to comply with court orders, the district court dismissed the action with prejudice.

Al Mheid appeals. He challenges the orders transferring the case, finding that it would be futile for him to assert claims against the state court judge, and dismissing his case for failure to comply with court orders. After careful consideration, we affirm.

## I.

Al Mheid, a physician who lived in Atlanta, was in a romantic relationship with Grace Wright, a college student in Athens, Georgia.[1] The relationship lasted about 18 months and ended in December 2020.

Shortly after the relationship ended, Wright reported to police that Al Mheid had hit her and was stalking her. Based on

---

[1] "At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to" Al Mheid. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1218 n.2 (11th Cir. 2016).

Wright's reports, Al Mheid was charged in state court with several crimes. In the section that follows, we describe Wright's reports to police. We then review the proceedings in Al Mheid's state court criminal case. Finally, we set forth the procedural history of this civil lawsuit in which Al Mheid sued a police officer, an assistant district attorney, a superior court judge, and the company that provided healthcare services in the jail where he was detained.

**A.**

After Al Mheid and Wright's relationship ended, Wright contacted the Athens-Clarke County police about him several times. She made the first report in December 2020 when she told officers that Al Mheid had assaulted her at her apartment in Athens and was stalking her.

The next day, Wright reported to Athens-Clarke County police that Al Mheid continued to repeatedly call and text her. One day later, Al Mheid traveled to Athens to see Wright. Upon arriving in Athens, Al Mheid was arrested on charges of assault and aggravated stalking. Shortly after his arrest, he was released on bond. The conditions of the bond barred him from contacting Wright. Athens-Clarke County police officer Katy Minchew instructed Wright to notify her if Al Mheid attempted to make contact.

A few days later, Wright reported to Minchew that even though she had blocked Al Mheid's number, he was sending her harassing text messages. Minchew determined that Al Mheid used an online generator to send messages to Wright from phone numbers that she had not blocked. Wright also told Minchew that she

had left Athens and returned home to live with her family in Brunswick, which was in a different county in Georgia.

Minchew prepared an arrest affidavit stating that after his release on bond, Al Mheid committed the felony offense of aggravated stalking. The affidavit stated that the offense occurred in Athens-Clarke County and that Al Mheid's actions violated the terms of his bond. The affidavit did not mention that Wright had moved from Athens to Brunswick, which is outside Clarke County, when Al Mheid sent the messages.

In late December 2020, a magistrate court judge issued an arrest warrant for Al Mheid. When Al Mheid learned of the warrant in March 2021, he promptly turned himself in to the police. That same day, he was released on a $25,000 bond. The terms of this bond barred him from contacting Wright.

About a week after Al Mheid's release on the $25,000 bond, Wright reported to Minchew that he was sending her harassing emails. During her investigation, Minchew learned that someone had attempted to upload a sexually explicit video of Wright and Al Mheid to YouTube. Based on her investigation, Minchew determined that Al Mheid was the one who had tried to upload the video.

Minchew consulted with Robert Schollmeyer, an Athens-Clarke County assistant district attorney, about her investigation. In March 2021, Schollmeyer filed a motion in Athens-Clarke County superior court to revoke Al Mheid's bond. In the motion,

Schollmeyer said that Al Mheid violated the conditions of his bond by emailing Wright.

Minchew sought to arrest Al Mheid on new charges of aggravated stalking, based on his emails, and invasion of privacy, based on his attempt to upload the video to YouTube. She prepared new arrest affidavits in which she reported that each crime occurred in Athens-Clarke County. The affidavits also stated that Al Mheid's conduct violated the bond conditions set by the court. The affidavits again did not mention that Wright was no longer living in Athens-Clarke County when she received the emails or the video was uploaded to YouTube. A magistrate court judge issued warrants for Al Mheid's arrest.

On May 28, 2021, Al Mheid was arrested. Minchew traveled from Athens to Decatur to arrest him at the Department of Veterans Affairs medical center where he worked. Upon Al Mheid's arrest, Minchew placed him in handcuffs and ankle shackles. She took his cell phone and transported him to the Athens-Clarke County jail.

**B.**

After Al Mheid's arrest, he appeared before Judge Lisa Lott in Athens-Clarke County superior court for a bond hearing. At the hearing, both Wright and Minchew testified for the prosecution about Al Mheid's conduct. At the end of the hearing, Judge Lott revoked Al-Mheid's bond and denied his request to be released on bond for the new charges.

A grand jury returned an indictment charging Al Mheid with several crimes including: false imprisonment, simple assault, simple battery, stalking, aggravated stalking, invasion of privacy, and criminal trespass. He pleaded not guilty.

While Al Mheid was detained in the Athens-Clarke County jail awaiting trial, he experienced health problems. He says that the ankle shackles Minchew used during the arrest left him with a leg wound that became infected. Over several months, he repeatedly sought treatment from Armor Health Inc., the medical provider at the jail. Although Armor Health provided some treatment, according to Al Mheid, the care was inadequate, and his infection worsened.

In October 2021, Al Mheid filed a renewed motion for bond based on his worsening health condition.[2] Judge Lott ordered him to be evaluated by outside medical providers. After the outside providers recommended surgery and an emergent surgical evaluation was scheduled, Judge Lott ordered him to be released on bond.

His criminal case proceeded. In February 2022, he filed pretrial motions, including a motion to dismiss in which he challenged venue in Athens-Clarke County. By this time, Schollmeyer was no longer working as a prosecutor for the county, and Minchew was no longer a police officer.

---

[2] In the motion, Al Mheid also asserted that Wright's reports should not be believed because she was not credible and had engaged in a campaign to defame him on the internet.

A new prosecutor was assigned to Al Mheid's case. He concluded that certain charges should be dismissed because further investigation revealed that the alleged crimes did not occur in Athens-Clarke County. For the remaining charges, he determined that the State no longer had sufficient evidence to support them. The State moved for an order of *nolle prosequi*. Judge Lott granted the motion, which brought an end to the criminal case. After the case ended, Al Mheid recovered his cellphone and found that it no longer required a passcode, which he believed meant that Minchew had broken into it.

## C.

This civil litigation followed. In June 2022, a few months after the criminal charges were dismissed, Al Mheid, proceeding *pro se*, sued Minchew, Schollmeyer, Judge Lott, and Armor Health. He filed the complaint in the Northern District of Georgia where he lived and was arrested.

In his initial complaint, Al Mheid brought ten claims, some arising under 42 U.S.C. § 1983 and others arising under state law. He alleged, among other things, that Minchew provided false information in the arrest affidavits when, knowing that Wright had moved to Brunswick, she swore that Al Mheid's allegedly criminal conduct occurred in Athens-Clarke County. Al Mheid similarly asserted that Schollmeyer knowingly presented false information at the bond hearing about where the crimes were committed. He also alleged that Judge Lott improperly ordered him detained and allowed the criminal case against him to proceed. And he claimed

that Minchew violated his Fourth Amendment rights when she arrested him at work, which humiliated him; forced him to wear ankle shackles that resulted in his leg becoming infected; and searched his cell phone without a warrant. He also alleged that Armor Health acted with deliberate indifference when it failed to provide him with adequate medical care at the Athens-Clarke County jail.

Schollmeyer, Judge Lott, and Armor Health moved to dismiss the complaint. Schollmeyer argued, among other things, that he was entitled to prosecutorial immunity and the complaint was a shotgun pleading. He also asserted that the case should be transferred to the Middle District of Georgia. Judge Lott sought dismissal based on judicial immunity because the claim against her was "based on actions taken from the bench while she presided over [Al Mheid's] criminal case." Doc. 14-1 at 4.[3] Armor Health argued that Al Mheid failed to state a claim for relief.

Under the district court's local rules, Al Mheid had to respond to each motion within 14 days. *See* N.D. Ga. Civ. R. 7.1(B). But he failed to file a timely response to any of the motions. Instead, a few weeks after the deadlines had passed, attorney Amith Gupta told the court that he was representing Al Mheid and requested an extension of time to respond to the motions to dismiss. The district court gave Gupta two weeks to respond to the motions. At the end of the two-week period, Gupta told the court that he planned to

---

[3] "Doc." numbers refer to the district court's docket entries.

file an amended complaint and needed an extra month to prepare it. The court again gave Gupta additional time.

Gupta filed an amended complaint, which raised many of the same claims as the original complaint but asserted no claims against Judge Lott. Instead, Gupta filed a motion to voluntarily dismiss Judge Lott as a defendant without prejudice. The district court granted the motion. After Gupta filed the amended complaint, Schollmeyer and Armor Health withdrew their motions to dismiss the original complaint.

Minchew, Schollmeyer, and Armor Health then moved to dismiss the first amended complaint, arguing that it failed to state a claim for relief and was a shotgun pleading. They also argued that the case should be transferred to the Middle District of Georgia.

Shortly after the motions to dismiss were filed, Gupta notified the court that there had been a "breakdown in communication between attorney and client" and sought permission to withdraw from the case. Doc. 34 at 1. After more than a month had passed and Al Mheid filed no response to Gupta's motion, the court permitted Gupta to withdraw. After allowing the withdrawal, the court directed Al Mheid to respond to the motions to dismiss by January 6, 2023. It warned that if he failed to respond, the court would treat the motions as unopposed.

Al Mheid filed nothing by the court's deadline. Instead, a few days after the deadline, he filed *pro se* a motion asking the court to allow him to file a second amended complaint. In the motion, he asserted that he had retained Gupta to respond to the motions to

dismiss and was never informed that Gupta had filed a first amended complaint. He told the court that Gupta had "disregarded [his] interests and wishes" and was "driven by profiteering and self-serving intents." Doc. 38 at 3. Al Mheid asked the court to "disregard every filing submitted by" Gupta and instead to rule on the motions to dismiss the original complaint. *Id.* Alternatively, he requested permission to file a second amended complaint, which would be "virtually identical to the original complaint." *Id.*

Several months later, the district court in the Northern District of Georgia ordered the case transferred to the Middle District of Georgia. It found that Al Mheid's "incarceration, indictment, prosecution, and allegedly inadequate medical treatment all occurred in Athens, Georgia, which is located in the Middle District of Georgia." Doc. 42 at 5. The court acknowledged that Al Mheid was arrested in the Northern District of Georgia but noted that both Schollmeyer and Armor Health "had no contact with the Northern District of Georgia relevant to [Al Mheid's] claims." *Id.* The court concluded that the Middle District of Georgia had "the close nexus to the underlying claims" and transferred the case. *Id.* (citation modified). At the time of the transfer, Minchew's, Schollmeyer's, and Armor Health's motions to dismiss the first amended complaint as well as Al Mheid's motion to file a second amended complaint remained pending.

After the transfer, the district court in the Middle District of Georgia denied Al Mheid's motion to file a second amended complaint. Before it could decide whether to allow the filing of a second

amended complaint, the court said, it needed to see the substance of the proposed pleading. Because Al Mheid had not submitted a proposed second amended complaint, the court denied his motion. But it stated that he could file a new motion seeking leave to file a second amended complaint with his proposed second amended complaint attached as an exhibit. The court instructed Al Mheid not to include Judge Lott as a defendant in his proposed second amended complaint. The court explained that it would be futile for Al Mheid to bring a claim against her because she enjoyed absolute judicial immunity for claims arising out of actions taken in her role as a judge. The court set a deadline for Al Mheid to move for leave to file a second amended complaint.

Al Mheid filed nothing by the deadline. Instead, 10 days after the deadline passed, he filed a second amended complaint without requesting leave to amend. Because he had not received permission to file a second amended complaint, the district court struck it.

The court then looked to Al Mheid's first amended complaint and found that it was a shotgun pleading. The court explained that it did not "specify which facts support which claims" and thus "fail[ed] to give the defendants adequate notice of the grounds upon which each claim rest[ed]." Doc. 50 at 7 (citation modified). The court struck the first amended complaint. It then gave Al Mheid an opportunity to file a third amended complaint that corrected the deficiencies the court had identified. It warned

that if he failed to file a third amended complaint by the court's deadline, it would dismiss the action.

Al Mheid moved for leave to file a third amended complaint.[4] Although the motion was filed "a few days late," the court granted the motion. Doc. 54 at 1. But it noted that Al Mheid had "continually missed deadlines throughout [the] case." *Id.* at 2. Although he was proceeding *pro se*, the court instructed that he still had "to meet all deadlines." *Id.* It warned that if he "continue[d] to miss deadlines," he risked "having his case dismissed." *Id.*

In the third amended complaint, Al Mheid brought claims against Minchew, Schollmeyer, and Armor Health. He asserted the same causes of action that he had raised in the initial complaint, except that he raised no claim against Judge Lott. Minchew and Schollmeyer moved to dismiss the third amended complaint. Al Mheid opposed their motions.

While the parties were briefing the motions to dismiss, Minchew moved to stay discovery until the court ruled on the motions to dismiss. The district court denied the motion. Instead, it ordered the parties to confer within 20 days to develop a proposed scheduling order governing the case and to file within 30 days their proposed scheduling order. The court directed that "if a party does not cooperate in preparing the Proposed Order," the other party

---

[4] Around this time, Armor Health's attorneys moved to withdraw because Armor Health, which had filed a petition for assignment for the benefit of creditors in Florida state court, could not pay its legal fees. The court granted the motion.

should immediately email or call the courtroom deputy. Doc. 65 at 2. It warned that "[f]ailure by counsel or parties not represented by counsel to cooperate in the preparation and filing of the report will result in sanctions," including "dismissal of the case." *Id.*

Counsel for Schollmeyer emailed the courtroom deputy to report that Al Mheid "did not respond to requests" to meet and "failed to participate in the scheduling conference." Doc. 70 at 1–2. The court then entered an order finding that Al Mheid had engaged in a "pattern of disregarding the Federal Rules of Civil Procedure and court orders." *Id.* at 2. It walked through the procedural history of the case and discussed how Al Mheid repeatedly missed deadlines and disregarded court orders. The court directed him to show cause why the action should not be dismissed for failure to comply with a court order and set a deadline for his response. It warned that "[f]ailure to fully and timely comply with this Order [would] result in the immediate dismissal with prejudice" of the action and that "[n]o further warnings will be provided." *Id.* at 5.

Al Mheid did not respond by the court's deadline. After another week passed, the court dismissed the action with prejudice. It found that Al Mheid had "engaged in a pattern of delay and willful contempt" and that "lesser sanctions [would] not suffice." Doc. 71 at 9.

About a week later, Al Mheid filed a motion for reconsideration. He stated that he "had called the offices of defendants' attorneys on multiple occasions" about the scheduling order "but was unable to reach anyone authorized to schedule a conference." Doc.

73 at 2. In his motion, Al Mheid provided no details about what numbers he called, with whom he spoke, when he made the calls, or how many times he called. He also did not explain why, given these difficulties, he did not contact the courtroom deputy.

He also complained about difficulties that he had using the court's electronic filing, or CM/ECF, system. He stated that he failed to receive notifications of filing activity or received them "greatly delayed." *Id.* at 1. He submitted emails that he exchanged in January 2024 with a case administrator in the Middle District of Georgia's clerk's office about his difficulties using CM/ECF. But these emails were from several months before the court entered its orders directing the parties to file a proposed scheduling order and Al Mheid to show cause why the action should not be dismissed. Although Al Mheid reported that he had difficulties using the court's CM/ECF system, he did not dispute that he knew about the court's order requiring the parties to conduct a scheduling conference. And he put forward nothing about when he received the show cause order or whether he was having any difficulties with the CM/ECF system around that time.

The district court denied the motion for reconsideration. It found that the emails submitted with Al Mheid's motion showed, at most, that he had a technical problem that was resolved in January 2024. But he submitted nothing showing that these issues "continued to affect him several months later." Doc. 76 at 3. The court also found that Al Mheid had received the court's order directing the parties to conduct a conference and submit a proposed

scheduling order. And although Al Mheid asserted that he had tried to contact opposing counsel to schedule a conference, he offered no explanation for "why he didn't notify the Court that he was having trouble communicat[ing] with the opposing parties." *Id.* at 6. Because Al Mheid "fail[ed] to demonstrate that reconsideration [was] necessary to prevent manifest injustice," the court denied his motion. *Id.* at 7 (citation modified).

This is Al Mheid's appeal.

## II.

We review for abuse of discretion a district court's decision to transfer a case to another district. *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 654 (11th Cir. 1993).

We review *de novo* a district court's decision "that a particular amendment to the complaint would be futile." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). And we review *de novo* whether an official is entitled to absolute judicial immunity. *Stevens v. Osuna,* 877 F.3d 1293, 1301 (11th Cir. 2017).

We review for abuse of discretion a district court's dismissal of an action for failure to comply with a court order. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Id.* (citation modified).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.

On appeal, Al Mheid challenges the district court's decisions: (1) transferring the case to the Middle District of Georgia, (2) concluding that it would be futile for him to assert a claim against Judge Lott in his third amended complaint because she enjoyed absolute judicial immunity, and (3) dismissing the action for failure to comply with court orders. We address each issue in turn.

## A.

We begin with Al Mheid's challenge to the transfer. Federal law permits a district court to transfer a civil action "to any other district or division where it might have been brought" if such transfer is "in the interests of justice." 28 U.S.C. § 1404(a). A civil action generally may be brought in a district where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought," any district where "any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* § 1391(b). In deciding whether a transfer is in the interests of justice, a district court may consider several factors, including the convenience of parties and witnesses; "the location of relevant documents and the relative ease of access to

sources of proof"; the "locus of operative facts"; "the weight accorded a plaintiff's choice of forum"; and "trial efficiency and the interests of justice, based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

Here, the district court in the Northern District of Georgia did not abuse its discretion by transferring the case to the Middle District of Georgia. To start, the action could have been brought in the Middle District of Georgia because a substantial part of the events giving rise to the claims in the case took place in Athens-Clarke County, which is in the Middle District of Georgia. *See* 28 U.S.C. § 1391(b).

In addition, many of the relevant factors support the district court's conclusion that a transfer was in the interests of justice. After all, the thrust of Al Mheid's claims were that the various defendants were liable because of actions undertaken while they performed a criminal investigation in Athens-Clarke County, participated in judicial proceedings in Athens-Clarke County, or provided care to Al Mheid while he was detained in the Athens-Clarke County jail. Indeed, it appears that for three of the four potential defendants—Schollmeyer, Judge Lott, and Armor Health—*all* their challenged actions occurred in the Middle District of Georgia. True, Al Mheid alleged that one defendant, Minchew, engaged in wrongful conduct in the Northern District of Georgia when she arrested him. Still, most of his allegations against Minchew arose out of actions that she took in the Middle District of Georgia during her investigation and during his criminal case. Given the record before

us, we cannot say that the district court abused its discretion when it transferred the case.

## B.

The second issue on appeal is whether the district court erred when it concluded that it was futile for Al Mheid to assert a claim against Judge Lott in the third amended complaint because she enjoyed judicial immunity.[5]

The Federal Rules of Civil Procedure generally permit a party to amend his pleading with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 directs that a "court should freely give leave" to amend "when justice so requires." *Id.* But a court need not allow an amendment when it would be futile. *See Cockrell*, 510 F.3d at 1310. An amendment is futile "when the complaint as amended would still be properly dismissed." *Id.*

Whether it was futile for Al Mheid to bring a claim against Judge Lott in his third amended complaint turns on whether she was entitled to judicial immunity. Judges enjoy absolute immunity from damages when acting in a judicial capacity "unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation modified). We have recognized that

---

[5] When Al Mheid was represented by counsel, he filed a first amended complaint that raised no claims against Judge Lott and moved to voluntarily dismiss without prejudice his claim against her. We assume for purposes of this appeal that Al Mheid may challenge on appeal the district court's later decision that it would be futile for him to raise claims against Judge Lott in his third amended complaint.

a judge is entitled to immunity unless she acted clearly outside the subject matter jurisdiction of her court. *Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985) (en banc). We have cautioned it will be a "rare circumstance" when a judge acts outside the subject matter jurisdiction of her court. *McCullough v. Finley*, 907 F.3d 1324, 1332 (11th Cir. 2018). A judge thus generally enjoys "absolute immunity for judicial acts regardless of whether [s]he made a mistake, acted maliciously, or exceeded [her] authority." *Id.* at 1331.

We conclude that the district court correctly determined here that it would be futile for Al Mheid to assert a claim against Judge Lott in his third amended complaint because she enjoyed judicial immunity. Al Mheid was seeking to bring claims against Judge Lott challenging decisions she made in his criminal case, such as when she denied him bond or denied his motion to dismiss. Because Judge Lott was acting in a judicial capacity when she made these decisions, she enjoyed judicial immunity.

Al Mheid nevertheless argues that Judge Lott would not enjoy immunity because of the exception for when a judge acts in the clear absence of jurisdiction. He posits that she must have acted in the clear absence of jurisdiction in presiding over his criminal case because the charges against him arose out of conduct that had no connection to Athens-Clarke County, the venue where her court was located.

We are not persuaded. As we have explained, a "judge acts in clear absence of all jurisdiction only if [she] lacked subject-matter jurisdiction." *Id.* at 1332 (citation modified). Here, Judge Lott did

not act clearly outside the subject matter jurisdiction of her court when she presided over and made rulings in Al Mheid's criminal case. In Georgia, superior courts are courts of general jurisdiction—they have authority to hear criminal cases. *See* Ga. Const. art. VI, § I, ¶ I; *see* O.C.G.A. § 15-6-8. Even assuming Al Mheid is correct that the superior court in Athens-Clarke County was the wrong venue for some of the charges in the criminal case, it does not change the fact that the court had subject matter jurisdiction because it had the authority to hear criminal cases. Because Judge Lott enjoyed judicial immunity from the claim that Al Mheid would have raised against her in the third amended complaint, the district court did not err in concluding that it was futile for Al Mheid to bring a claim against her.

## C.

Al Mheid also challenges the district court's order dismissing the action with prejudice for failure to comply with a court order. We cannot say that the district court abused its discretion.

When a plaintiff fails to comply with a court order, a district court generally has discretion to dismiss the action under either the Federal Rules of Civil Procedure or its inherent authority to manage its docket. *See Betty K Agencies*, 432 F.3d at 1337. Because a dismissal with prejudice is an "extreme sanction," it may be imposed only when the plaintiff engaged "in a clear pattern of delay or willful contempt" and "lesser sanctions would not suffice." *Id.* at 1337–38. We have recognized that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not

an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Here, as the district court thoroughly explained, Al Mheid repeatedly failed to comply with court orders, even after he was warned that such conduct could result in the dismissal with prejudice of the action. After he failed to comply with the order instructing him to participate in a conference regarding a proposed scheduling order, the court entered a show cause order directing him to explain why the action should not be dismissed with prejudice. Al Mheid ignored this order, too, and filed no response. Given this course of conduct, the record amply supported the district court's findings that Al Mheid engaged in a clear pattern of delay or willful contempt and lesser sanctions would not suffice. The district court therefore did not abuse its discretion when it dismissed the complaint with prejudice. For the same reason, the district court did not abuse its discretion when it denied Al Mheid's motion for reconsideration. *See Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

**AFFIRMED.**